| | |
|---|---|
| EMILY SUZANNE JEFFERS<br>Center for Biological Diversity<br>1212 Broadway Ave, Suite 800<br>Oakland, CA 94612<br>Phone: 510-844-7100<br>Email: ejeffers@biologicaldiversity.org<br><br>MIYOKO SAKASHITA<br>CA Bar No. 239639<br>Center for Biological Diversity<br>1212 Broadway Ave, Suite 800<br>Oakland, CA 94612<br>Phone: 510-844-7108<br>Email: miyoko@biologicaldiversity.org<br><br>*Attorneys for Plaintiffs* | TODD KIM, Assistant Attorney General<br>SETH M. BARSKY, Section Chief<br>MEREDITH L. FLAX,<br>Assistant Section Chief<br>TAYLOR A. MAYHALL,<br>Trial Attorney (MN Bar No. 0400172)<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Wildlife & Marine Resources Section<br>Ben Franklin Station<br>P.O. Box 7611<br>Washington, DC 20044-7611<br>Tel: (202) 598-3796<br>Fax: (202) 305-0275<br>Email: taylor.mayhall@usdoj.gov<br><br>*Attorneys for Defendants* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**(San Francisco Division)**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>and TURTLE ISLAND RESTORATION<br>NETWORK,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEBRA HAALAND, in her official capacity as<br>Secretary of the U.S. Department of the Interior,<br>and U.S. FISH AND WILDLIFE SERVICE,<br><br>    Defendants. | )<br>)<br>)  No. 3:21-cv-1182-JCS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiffs Center for Biological Diversity and Turtle Island Restoration Network and Defendants Debra Haaland, in her official capacity as Secretary of the United States Department of the

Interior, and the United States Fish and Wildlife Service ("Service"), who by and through their undersigned counsel, state as follows:

WHEREAS, on February 18, 2021, Plaintiffs filed a complaint for declaratory and injunctive relief, alleging that Defendants had violated the Marine Mammal Protection Act ("MMPA") and Administrative Procedure Act ("APA") by failing to timely review and revise the stock assessment reports for nine marine mammal stocks as required by 16 U.S.C. § 1386(c). ECF No. 1;

WHEREAS, on May 17, 2021, Defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. ECF No. 17;

WHEREAS, on June 24, 2021, the Federal Register published the Service's final revised stock assessment reports for the southern sea otter, Chukchi/Bering Sea polar bear, and Southern Beaufort Sea polar bear stocks, pursuant to 16 U.S.C. § 1386(b)(3). *See* ECF No. 23;

WHEREAS, on October 20, 2021, the Court granted Defendants' motion to dismiss with leave to amend. ECF No. 26;

WHEREAS, on November 5, 2021, Plaintiffs filed an amended complaint for declaratory and injunctive relief, alleging that Defendants had violated the MMPA and APA by failing to review and, in the alternative, failing to revise stock assessment reports for six marine mammal stocks as required by 16 U.S.C. § 1386(c). ECF No. 28;

WHEREAS, on November 19, 2021, Defendants filed an answer to Plaintiffs' amended complaint. ECF No. 29;

WHEREAS, pursuant to its reviews under 16 U.S.C. § 1386(c), in 2021, the Service preliminarily determined that revision is warranted for the remaining six stocks at issue in the above-captioned case;

WHEREAS, the parties, by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect of Plaintiffs' substantive claims or Plaintiffs' demand for attorneys' fees and costs, have reached a settlement that they consider to be in the public interest and just, fair, adequate, and equitable;

WHEREAS, the parties believe it is in the interest of judicial economy and the parties' best interests to avoid litigation of the issues in dispute and attorneys' fees and costs;

WHEREAS, for any marine mammal listed in Paragraph 1 for which FWS has submitted a notice of availability of a draft revised stock assessment report, FWS anticipates issuing a final determination on a revision of a stock assessment consistent with the procedures of 16 U.S.C. § 1386(b)(3);

THEREFORE, the parties hereby stipulate and agree as follows:

1. FWS shall submit to the Office of the Federal Register a notice of the availability of a draft revised stock assessment report for the following marine mammals:

    a. Florida manatee by July 29, 2022

    b. Puerto Rico manatee by July 29, 2022

    c. Northern sea otter – southwest Alaska stock by February 1, 2023

    d. Northern sea otter – southcentral Alaska stock by February 1, 2023

    e. Northern sea otter – southeast Alaska stock by February 1, 2023

    f. Pacific walrus by February 1, 2023

2. This Agreement requires Defendants to take the action described in Paragraph 1 by the deadlines specified in that Paragraph. The Agreement shall not (and shall not be construed to) limit or modify the discretion accorded to the Service by the MMPA, APA, or general principles of administrative law with respect to the procedures to be followed in making any

determination required herein, or as to the substance of any determination. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take any action in contravention of the MMPA, the APA, or any other law or regulation, either substantive or procedural.

3. To challenge any final determination made by the Service, consistent with the procedures of 16 U.S.C. § 1386(b)(3), Plaintiffs will be required to file a separate action and otherwise comply with applicable legal requirements.

4. The order entering this Agreement may be modified by the Court upon good cause shown consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with written notice of the claim. The parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

5. In the event that Defendants fail to meet the deadlines specified in Paragraph 1, Defendants have not sought to modify the deadlines, and the parties cannot resolve the claim pursuant to the meet and confer provisions of Paragraph 4, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement. No party shall institute a proceeding for contempt

of court unless Defendants are in violation of a separate order of the Court resolving a motion to enforce the terms of the Agreement.

6. No party shall use this Agreement or its terms as evidence of what does or does not constitute a reasonable timeline for reviewing stock assessment reports or preparing draft revised stock assessment reports in any other administrative or judicial proceeding regarding Defendants' implementation of the MMPA. No part of this Agreement shall have precedential value in any pending or future litigation or administrative action or in representations before any court or forum or in any public setting.

7. Nothing in this Agreement shall be construed or offered in evidence in any proceeding as an admission or concession of wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement. The Parties do not waive any claim or defense they may have concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. This Agreement is executed solely for the purpose of compromising and settling Plaintiffs' amended complaint, and nothing herein shall be construed as precedent in any other context.

8. Defendants agree to settle Plaintiffs' entire claim for attorneys' fees and costs in the above-captioned matter for a total of $20,000 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

9. Plaintiffs agree to accept payment of $20,000 in full satisfaction of any and all claims for attorneys' fees and costs in the above-captioned matter, through and including the date of this Agreement.

10. Plaintiffs agree that receipt of this payment of $20,000 shall operate as a release of any and all claims for attorneys' fees and costs that they possess against the United States,

including each named Defendants, incurred in the above-captioned matter, through and including the date of this Agreement.

11. Defendants' payment, as identified in Paragraph 8 above, shall be accomplished via electronic funds transfer. Within ten (10) business days after the entry of an order approving this Agreement, Plaintiffs' counsel will provide Defendants' counsel with the appropriate account number and other information needed to facilitate payment.

12. Defendants shall submit the necessary paperwork for the payment within twenty-eight (28) days after the Court's approval of this Agreement, or the receipt of the information necessary to effectuate payment, whichever is later.

13. Plaintiffs shall send written confirmation of the receipt of payment to Defendants' counsel within fourteen (14) days of receiving the payment.

14. Plaintiffs and Plaintiffs' counsel agree to hold Defendants harmless in any litigation, further suit, or claim arising from errors not attributable to Defendants that are related to the authorized transfer of the agreed-upon settlement amount.

15. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

16. By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including hourly rates, in any future litigation or continuation of the above-captioned matter. Further, the provisions in this Agreement relating to attorneys' fees and costs have no precedential value in any other context and shall not be cited in any other litigation except as necessary to enforce the terms of this Agreement.

17. The parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were denied and disputed by the parties. The Agreement contains all of the agreement between the parties and is intended to be the final and sole agreement between the parties. The parties agree that any prior or contemporaneous representations or understandings not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

18. The terms of this Agreement shall become effective upon entry of an order by the Court approving the Agreement.

19. Upon approval of this Agreement by the Court, Plaintiffs' amended complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, the parties stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms, until Defendants satisfy their obligations under the Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am*, 511 U.S. 375 (1994).

20. The undersigned representatives of each party certify that they are fully authorized by the party they represent to agree to the Court's entry of the terms and conditions of this Agreement and that they agree to the terms herein.

Dated: May 16, 2022                    Respectfully submitted,

/s/ *Emily Suzanne Jeffers*
EMILY SUZANNE JEFFERS
Center for Biological Diversity
1212 Broadway Ave, Suite 800
Oakland, CA 94612
Phone: 510-844-7100
Email: ejeffers@biologicaldiversity.org

MIYOKO SAKASHITA
CA Bar No. 239639

Stipulated Settlement Agreement and ~~Proposed~~ Order                    No. 3:21-cv-1182-JCS

Center for Biological Diversity
1212 Broadway Ave, Suite 800
Oakland, CA 94612
Phone: 510-844-7108
Email: miyoko@biologicaldiversity.org

*Attorneys for Plaintiffs*

TODD KIM, Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX,
Assistant Section Chief

*/s/ Taylor A. Mayhall*
TAYLOR A. MAYHALL
Trial Attorney (MN Bar No. 0400172)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 598-3796
Fax: (202) 305-0275
Email: taylor.mayhall@usdoj.gov

*Attorneys for Defendants*

**IT IS SO ORDERED.**

Dated: May 17, 2022     Signed by: _____
                        JOSEPH C. SPERO
                        Chief Magistrate Judge